E-FILED 8/21/18

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GSLT HOLDINGS LIMITED,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>OLD SCHOOL FAIRFAX, INC.,<br><br>　　　　　　　Defendant. | **Case No. 2:18-cv-01226-PSG-KS**<br><br>[~~PROPOSED~~] **ORDER GRANTING PERMANENT INJUNCTION** |

Plaintiff GSLT Holdings Limited ("Plaintiff") filed its Complaint and Application for Default Judgment for a permanent injunction, among other relief in this matter, against Defendant Old School Fairfax, Inc. ("Defendant"). (Dkt. Nos. 1, 21.) Pursuant to the arguments set forth in Plaintiff's Application for Default Judgment (Dkt. No. 24), the Court grants Plaintiff's request for a permanent injunction and enters a permanent injunction against Defendant as follows:

1. A plaintiff is entitled to a permanent injunction when it can demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Plaintiff has met each of these factors in this case.

2. Plaintiff is the owner of the following U.S. Trademark Registrations: U.S. Registration No. 5,225,520 for PALACE; U.S Registration No. 5,197,782 for PALACE SKATEBOARDS; U.S. Registration No. 5,197,783 for ; U.S. Registration No. 4,762,471 for ; and U.S. Registration No. 5,220,519 for  (collectively hereinafter, the "PALACE Marks"). Defendant's infringement of Plaintiff's PALACE Marks by willfully and knowingly manufacturing, distributing, offering for sale, and/or selling counterfeit apparel featuring the PALACE Marks have caused irreparable injury to Plaintiff.

3. Defendant's failure to respond or otherwise appear in this action also does not mean that Defendant has stopped infringing the PALACE Marks or that it will not simply resume the infringement if it has temporarily stopped.

4. The balance of hardships clearly weighs in favor of Plaintiff given that Defendant has willfully and knowingly sold infringing products and reaped the benefits of Plaintiff's PALACE Marks. Plaintiff has been irreparably harmed and will continue to be irreparably harmed by such counterfeit items in the stream of commerce, losing both profits and goodwill. Given Defendant's complete disregard of multiple notices of infringement, its failure to participate in this action and offer any evidence to the Court that it intends to cease from infringing activities, the balance of hardships clearly weighs in favor of a permanent injunction.

5. The public interest would be served by entry of a permanent injunction against Defendant's infringement of Plaintiff's trademarks and the dissemination of counterfeit products into the marketplace.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant, its agents, officers, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, are permanently enjoined from doing, abiding, causing or abetting any of the following:

(a) directly or indirectly infringing Plaintiff's PALACE Marks;

(b) from passing off, inducing or enabling others to sell or pass off, any of Defendant's goods or services as originating from Plaintiff, or sponsored, approved, or authorized by Plaintiff;

(c) directly or indirectly engaging in any acts or activities calculated to trade upon Plaintiff's PALACE Marks, and/or the reputation or good will of Plaintiff, or in any manner to compete with Plaintiff unfairly;

(d) using Plaintiff's PALACE Marks in the sale, offer for sale, promotion, advertising, marketing and/or distribution of Defendant's goods, or any mark which is a variant of, simulates, is a colorable imitation of, or imitates Plaintiff's PALACE Marks, in a manner that is likely to deceive, falsely describe or misrepresent the

1 | source of Defendant's goods and thereby create confusion among the purchasing
2 | public or the trade;
3 |     (e)    further counterfeiting the PALACE Marks;
4 |     (f)    further violating Plaintiff's property rights and good will; and,
5 |     (g)    from otherwise competing unfairly with Plaintiff in any manner
6 | whatsoever.

**IT IS SO ORDERED.**

Dated: 8/20/18

### PHILIP S. GUTIERREZ

Philip S. Gutierrez
United States District Judge

Proposed Order Prepared and Respectfully Submitted By:

By: */s/ Christopher J. Petersen*
**BLANK ROME LLP**
Christopher J. Petersen (SBN 251439)
CJPetersen@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434
*Attorney for Plaintiff*

145135.00105/111249386v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

    On August 17, 2018, I served the foregoing documents described as: **[PROPOSED] ORDER GRANTING PERMANENT INJUNCTION** on the parties in this action by serving:

**Old School Fairfax, Inc.**
**427 N. Fairfax Avenue**
**Los Angeles, CA 90036**

☒   **By Envelope** - by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as below and delivering such envelopes:

☒   **By Mail**: As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **By Personal Service**: I delivered such envelope by hand to the offices of the addressee(s).

☐   **By Federal Express**: I caused the envelope(s) to be delivered to the Federal Express office at 1925 Century Park East, 19th Fl., Los Angeles, California 90067, on August 17, 2018, for delivery on the next-business-day basis to the offices of the addressee(s).

☐   **By Facsimile Transmission**: On August 17, 2018, I caused the above-named document to be transmitted by facsimile transmission, from fax number 424-239-3434, to the offices of the addressee(s) at the facsimile number(s) so indicated below. The transmission was reported as complete and without error.

☐   **By E-Mail Electronic Transmission**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    Executed on August 17, 2018, at Los Angeles, California.

☒   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                               */s/ Elizabeth Gomez*
                                               Elizabeth Gomez

145135.00105/111249386v.1